UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-22461-CIV-ALTONAGA

**KELVIN LORENZO HARRIS**,

       Movant,

v.

**UNITED STATES OF AMERICA**,

       Respondent.

_____/

## ORDER

**THIS CAUSE** came before the Court on Movant, Kelvin Lorenzo Harris's Motion Under 28 U.S.C. [section] 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 1] and accompanying Memorandum of Law [ECF No. 3]. The Government filed a Response [ECF No. 13], with attached exhibits [ECF Nos. 13-1 to 13-14]. Movant filed a Reply [ECF No. 17]. The Court has carefully reviewed the parties' written submissions, the record, and applicable law. For the following reasons, the Motion is denied.

## I.      BACKGROUND

On January 31, 2019, a grand jury indicted Movant for conspiring and attempting to possess with intent to distribute over five kilograms of cocaine (Counts 1, 2, 4, and 6), in violation of 21 U.S.C. section 846; and possessing a firearm in furtherance of those drug trafficking crimes (Counts 3, 5, and 7), in violation of 18 U.S.C. section 924(c). (*See* Resp., Ex. 14, Superseding Indictment [ECF No. 13-14] 1–4).[1] Movant was charged with these crimes following an FBI operation investigating police corruption in Miami. The FBI enlisted the help of Catina Anderson,

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

a Miami Police Department ("MPD") officer under investigation for corruption, offering her reduced criminal liability in exchange for her cooperation with its investigation. (*See* Resp., Ex. 4, Jury Trial – Day 4 Tr. [ECF No. 13-4] 104:7–25, 125:11–127:3). Anderson recruited Movant, a fellow officer, and others to work drug protection "jobs" for narcotics operations that were FBI set ups. (*See* Resp., Ex. 3, Jury Trial – Day 3 Tr. [ECF No. 13-3] 30:19–31:17). Movant participated in four of these jobs in 2018. (*See id.* 32:1–25, 40:4–20, 50:1–2, 53:5–14; 60:2–61:9)

A grand jury indicted Movant for his assistance — first in an Indictment [CR ECF No. 34][2] and then in a Superseding Indictment. (*See* Indictment; Sup. Indictment). Movant hired Jonathan Schwartz to represent him during pretrial and trial proceedings. (*See* Mem. 13). The Government extended Movant a plea offer, which Schwartz countered with a reduced drug weight. (*See* Resp., Ex. 12, Sent. Hr'g Tr. [ECF No. 13-12] 34:8–9, 35:8–13). The Government rejected Schwartz's counteroffer and filed the Superseding Indictment, which charged Movant with three additional counts of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. section 924(c). (*See* Sup. Indictment; Sent. Hr'g Tr. 35:13–19).

Movant's trial began on June 10, 2019. (*See* Resp., Ex. 1, Jury Trial – Day 1 Tr. [ECF No. 13-1] 1). The Government presented a large body of evidence against Movant, including (1) surveillance footage showing Movant's involvement in the staged drug protection jobs (*see* Jury Trial – Day 3 Tr. 41:11–17, 43:15–44:5, 56:20–57:1); (2) testimony from FBI agents detailing Movant's involvement in the staged drug protection jobs (*see id.* 34:6–36:16, 40:4–20, 52:1–54:4; Jury Trial – Day 4 Tr. 89:14–20); and (3) Anderson's testimony that Movant willingly participated in the protection jobs (*see id.* 157:2–11).

Movant testified at trial, maintaining his innocence. According to Movant, the jobs seemed

---

[2] References to docket entries in Movant's criminal case, No. 18-cr-20939, are denoted with "CR ECF No."

like routine courier jobs at first; after realizing the true nature of the jobs, he went undercover to infiltrate the drug operation. (*See* Resp., Ex. 9, Jury Trial – Day 9 Tr. [ECF No. 13-9] 33:8–11, 56:13–20). An FBI agent testified to the contrary, stating that at no point during the FBI's investigation did Movant return his ill-gotten gains or otherwise "blow[] the whistle on th[e] operation[.]" (Jury Trial – Day 3 Tr. 36:11–16 (alterations added)). The jury ultimately rejected Movant's theory of innocence and found him guilty as charged. (*See* Jury Verdict [CR ECF No. 163]).

Movant hired Roderick D. Vereen to represent him in postconviction matters. (*See generally* Mot. Sub. Counsel [CR ECF No. 186]; *see also* Mem. 13). Vereen filed objections to Movant's Presentence Investigation Report ("PSI"), attacking the PSI's description of the offense conduct, role assessment, offense level computation, and two-level enhancement under section 3B1.3; he also argued Movant could not pay a fine. (*See generally* Objs. PSI [CR ECF No. 206]). Vereen then filed a motion requesting a downward departure on the grounds that Movant was involved in a "sham cocaine" conspiracy (Mot. Downward Departure Variance [CR ECF No. 222] 3–6 (quotation marks omitted)) and had a long and "stellar" work history (*id.* 6).

Vereen represented Movant at the sentencing hearing. (*See generally* Sentencing Hr'g Tr.). At the beginning of the hearing, Movant confirmed that he had an opportunity to review the PSI with Vereen. (*See id.* 4:18–21). Before the Court issued its sentence, Vereen made several arguments relating to the weight of the drugs for which Movant was being held responsible. (*See id.* 12:21–14:4, 15:24–17:1). The Court granted Movant's Motion for Downward Departure and sentenced him to a 331-month term of imprisonment,[3] followed by five years of supervised release.

---

[3] The Court sentenced Movant to a 151-month term of imprisonment on Counts 1, 2, 4, and 6; the sentences on those Counts run concurrently with one another. (*See generally* J. [CR ECF No. 230]). The Court sentenced Movant to a 60-month term of imprisonment on Counts 3, 5, and 7; those sentences run consecutively to the sentences on Counts 1, 2, 4, and 6 and with one another. (*See generally id.*).

(*See id.* 37:13–19; *see generally* J.).   After the Court announced Movant's sentence, Vereen objected to the Court's imposition of a perjury enhancement and its denial of various other objections made at the hearing.  (*See* Sent. Hr'g Tr. 38:19-22).

On September 16, 2019, Movant appealed his conviction to the Eleventh Circuit (*see* Notice of Appeal [CR ECF No. 231]); the Eleventh Circuit affirmed Movant's conviction, issuing its mandate on July 19, 2022 (*see generally* Mandate [CR ECF No. 308]).   Movant filed this Motion on June 27, 2023, raising four grounds for relief: ineffective assistance of (1) pretrial; (2) trial; (3) sentencing; and (4) appellate counsel.  (*See generally* Mot.; Mem.).

## II.    LEGAL STANDARDS

### A.    28 U.S.C. Section 2255

"[T]he grounds for collateral attack on final judgments pursuant to 28 U.S.C. section 2255 are extremely limited."  *United States v. Marsh*, 548 F. Supp. 2d 1295, 1300 (N.D. Fla. 2008) (alteration added).   "A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law or (4) is otherwise subject to collateral attack."  *Id.* (citing 28 U.S.C. § 2255; other citations omitted).

### B.    Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to assistance of counsel during criminal proceedings.  *See Strickland v. Washington*, 466 U.S. 668, 684–85 (1984).   When assessing counsel's performance under *Strickland*, the Court employs a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."   *Id.* at 690.   "[T]he Sixth

Amendment does not guarantee the right to perfect counsel; it promises only the right to effective assistance[.]" *Burt v. Titlow*, 571 U.S. 12, 24 (2013) (alterations added; citation omitted).

To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate both that (1) "counsel's performance was deficient"; and (2) "the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687.

To establish deficient performance, a movant must show "counsel's conduct fell 'outside the wide range of professionally competent assistance.'" *Cummings v. Sec'y for Dep't of Corr.*, 588 F.3d 1331, 1356 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 690); *see also Harrington v. Richter*, 562 U.S. 86, 104 (2011) ("To establish deficient performance, a person challenging a conviction must show that counsel's representation fell below an objective standard of reasonableness." (citation and quotation marks omitted)). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable[.]" *Strickland*, 466 U.S. at 690 (alterations added). The Court's review of counsel's performance should focus "not [on] what is possible or 'what is prudent or appropriate, but only [on] what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (alterations added; footnote call number omitted; quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)). Counsel is not ineffective for failing to raise non-meritorious issues, *see Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); nor is counsel required to present every non-frivolous argument, *see Dell v. United States*, 710 F.3d 1267, 1282 (11th Cir. 2013).

To establish prejudice, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine

confidence in the outcome." *Id.* A court need not address both prongs of *Strickland* if the movant makes an insufficient showing on one of the prongs. *See id.* at 697.

## III.   DISCUSSION

As stated, the Motion asserts four grounds for relief, all based on purported ineffective assistance of counsel. (*See generally* Mot.; Mem.). The Court addresses each ground in turn.

### A.   Ineffective Assistance of Pretrial Counsel (Ground One)

Movant argues his pretrial counsel, Schwartz, was ineffective for: (1) failing to advise Movant of the consequences of pleading guilty; (2) failing to conduct a thorough pretrial investigation; and (3) failing to negotiate a favorable plea offer. (*See* Mem. 12). These arguments fail to persuade.

***Failure to Communicate.*** First, Movant argues Schwartz provided ineffective assistance because Schwartz failed to communicate with him concerning his case and plea offer. (*See id.*). According to Movant, he may not have proceeded to trial had Schwartz made him aware of the strengths of the Government's case and the consequences of a guilty verdict. (*See id.* 14).

*Strickland*'s two-part inquiry applies to ineffective-assistance-of-counsel claims related to the plea process. *See Hill v. Lockhart*, 474 U.S. 52, 57 (1985); *In re Perez*, 682 F.3d 930, 932 (11th Cir. 2012). "[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 566 U.S. 134, 145 (2012) (alteration added). Counsel's performance is entitled to a presumption of reasonableness; to overcome that presumption, Movant must show that "no competent counsel would have taken the action that his counsel did[.]" *Chandler*, 218 F.3d at 1315 (alteration added; footnote call number and citations omitted).

Movant's claim that Schwartz failed to communicate with him is unconvincing. By his

own admission, Movant spent "several hours" with Schwartz preparing for trial.  (Mem. 13).
During these meetings, according to Movant's own allegations, Schwartz worked with him to
"create[] a trial defense" and evaluate its strength.  (*Id.* 13 (alteration added)).  This contradicts
Movant's claim that Schwartz failed to communicate with him or failed to discuss the strength of
the Government's case.

As for Movant's claim that Schwartz failed to communicate the Government's plea offer
to him, Movant cannot show prejudice.  To show that counsel's alleged failure to communicate a
plea offer prejudiced him, Movant must show "but for the ineffective advice of counsel there is a
reasonable probability" that (1) he "would have accepted the plea"; (2) "the prosecution would not
have withdrawn it in light of intervening circumstances"; (3) "the court would have accepted its
terms"; and (4) "the conviction or sentence, or both, under the offer's terms would have been less
severe than under the judgment and sentence that in fact were imposed."  *Lafler v. Cooper*, 566
U.S. 156, 164 (2012).

Movant's "own conclusory after-the-fact assertion" that he would have accepted a guilty
plea is, without more, insufficient to satisfy the first prong of the prejudice test.  *Rosin v. United
States*, 786 F.3d 873, 879 (11th Cir. 2015).  During his trial and sentencing hearing, Movant
maintained his innocence.  For instance, Movant testified that he was merely "an observer to the
illegal activity" for which he was ultimately convicted (Jury Trial – Day 9 Tr. 56:13–15) and
insisted that he "did not have a gun" and did not know he was moving "kilos of cocaine" (*id.*
56:16–18, 63:17–20).  Movant also argued his participation was actually an attempt to "play"
Anderson and his co-defendant, and that he "was excited to possibly . . . turn[] in some corrupt
officers[.]"  (*Id.* 52:7–11, 51:10–17 (alterations added)).  At his sentencing hearing, Movant
confirmed that his "testimony . . . was truthful[.]"  (Sent. Hr'g Tr. 36:5–6 (alterations added)).

Accepting Movant's assertions of innocence, Movant did not intend to accept a guilty plea. *See Rosin*, 786 F.3d at 879 (holding that a habeas petitioner's persistent refusal to accept responsibility during trial and at sentencing "patently contradict[ed] [his] assertion on appeal that he would have accepted a guilty plea and not insisted on going to trial but for his trial counsel['s] alleged error" (alterations added; citation omitted). Thus, Movant cannot show that he was prejudiced by Schwartz's performance during plea negotiations with the Government.

**Failure to Conduct Thorough Pretrial Investigation.** Next, Movant contends Schwartz's pretrial investigation was not adequate or independent. (*See* Mem. 14 (alterations added)). Movant alleges Schwartz provided constitutionally ineffective assistance by failing to research the facts of his case, find legal authority supporting Movant's defense, hire a private investigator, challenge the Government's case, and question unspecified witnesses. (*See id.* 14–16).

Certainly, "[e]ffective assistance of counsel embraces adequate pretrial investigation." *McCoy v. Newsome*, 953 F.2d 1252, 1262 (11th Cir. 1992) (alteration added). Defense counsel's failure to "conduct an adequate background investigation[,]" *Cooper v. Sec'y, Dep't of Corr.*, 646 F.3d 1328, 1351 (11th Cir. 2011) (alteration added; collecting cases), or pursue "all reasonably available mitigating evidence[,]" *Wiggins v. Smith*, 539 U.S. 510, 524 (2003) (emphasis, citation, and quotation marks omitted), can amount to ineffective assistance. Yet, "omissions are inevitable." *Stewart v. Sec'y, Dep't of Corr.,* 476 F.3d 1193, 1209 (11th Cir. 2007) (en banc) (citation and quotation marks omitted). Further, "the reasonableness of a defense attorney's investigation" depends "heavily [on] the information provided by the defendant." *Newland v. Hall*, 527 F.3d 1162, 1202 (11th Cir. 2008) (alteration added). After all, "[c]ounsel's actions are usually based . . . on informed strategic choices made by the defendant and on information supplied by the defendant." *Strickland*, 466 U.S. at 691 (alterations added).

None of Movant's assertions about Schwartz's performance is sufficient to support an ineffective-assistance-of-counsel claim. First, Movant makes only a barebones assertion that Schwartz failed to research the case law or investigate the facts of his case. (*See* Mem. 15). He does not detail or substantiate the facts Schwartz supposedly overlooked or arguments he should have made — rather, Movant relies on assertions of deficient performance to establish an entitlement to relief. (*See id.*). Such threadbare claims fail to demonstrate with any degree of specificity that Schwartz was dilatory in conducting a thorough pretrial investigation. *See Aldrich v. Wainwright*, 777 F.2d 630, 636 (11th Cir. 1985) (holding that a habeas petitioner's speculative statements as to what evidence could have been revealed by further investigation was insufficient to satisfy the prejudice prong of *Strickland*); *see also Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) ("The [section] 2254 Rules and the [section] 2255 Rules mandate 'fact pleading' as opposed to 'notice pleading,' as authorized under Federal Rule of Civil Procedure 8(a)." (alterations added)).

Second, Movant's claim that Schwartz was ineffective for failing to hire a private investigator is similarly lacking. Movant states Schwartz was ineffective for failing "to move the Court for a private investigator to independently investigate his case." (Mem. 15). But Movant does not explain how a private investigator would have assisted his defense, nor articulate a reason why his privately-retained counsel, Schwartz, should have made this request. (*See generally id.*). The Court is therefore unconvinced Schwartz performed deficiently in this regard, or that Movant was prejudiced. *See Chandler*, 218 F.3d at 1318 ("[C]ounsel need not always investigate before pursuing or not pursuing a line of defense." (alteration added)); *Smith v. United States*, No. 11-cv-4015, 2014 WL 4628501, at *5 (N.D. Ga. Sept. 10, 2014) ("To show prejudice, a petitioner must make a showing regarding the evidence, witnesses, or testimony that reasonable pre-trial

investigation would have yielded and must demonstrate that there is a reasonable probability that the evidence would have changed the outcome at trial." (collecting cases)).

Third, Movant's claim that Schwartz failed to challenge the Government's case is without merit. At trial, Schwartz argued to the jury that Movant was a police officer with an "unblemished record" who was attempting "to blow the whistle on" corrupt police officers. (Jury Trial – Day 1 Tr. 132:6–24). Schwartz also cross-examined the Government's witnesses.[4] Movant fails to identify what other challenges Schwartz should have raised to the Government's case. (*See generally* Mem.); *see also Freeman v. Dunn*, No. 06-cv-122, 2018 WL 3235794, at *56 (M.D. Ala. July 2, 2018) ("Mere speculation that additional questioning (with unidentified questions) might have produced [additional] evidence . . . does not establish the conduct of Petitioner's trial counsel fell below an objective level of reasonableness." (alterations added)), *aff'd sub nom. Freeman v. Comm'r, Ala. Dep't of Corr.*, 46 F.4th 1193 (11th Cir. 2022).

Finally, Movant fails to establish that Schwartz was ineffective for failing to call witnesses. Courts "will seldom . . . second guess" a defense counsel's strategic decision of which witnesses to call. *Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc) (alteration added; citation omitted). To rebut the presumptive reasonableness of Schwartz's strategy, Movant must show no competent counsel would have taken the same action. *See Chandler*, 218 F.3d at 1315 (citations

---

[4] Schwartz cross-examined: (1) James Jennings, an undercover police officer who participated in the FBI sting operation (*see generally* Resp., Ex. 2, Jury Trial – Day 2 Tr. [ECF No. 13-2] 15:5–8, 90:18–133:4, 153:15–154:18); (2) Andrew Mercurio, an FBI special agent (*see generally* Jury Trial – Day 3 Tr. 21:15–22:20, 124:16–154:10; Jury Trial – Day 4 Tr. 4:12–75:8; Resp., Ex. 8, Jury Trial – Day 8 Tr. [ECF No. 13-8] 39:25–41:9); (3) Catina Anderson, the corrupt police officer cooperating with the FBI (*see generally* Resp., Ex. 6, Jury Trial – Day 6 Tr. 7:6–101:19); (4) Juan Carlo Erigoyen, Miami Police Department Sergeant and FBI task force officer (*see generally id.* 143:24–144:8, 194:10–219:19, 234:10–236:15); (5) Jamaal Johnston, an undercover agent working for the FBI (*see generally id.* 237:10–15, 260:16–274:18); (6) Lillian Smith, Miami Police Department Detective (*see generally* Jury Trial – Day 7 Tr. [ECF No. 13-7] 30:20–23, 79:11–80:4); (7) Elizabeth Riddell, an information technology specialist forensic examiner working with the FBI (*see generally id.* 81:1–5, 116:11–117:25); and (8) Maurice Miller, an undercover agent working with the FBI (*see generally id.* 120:19–23, 160:17–185:22).

omitted).

Movant references 12 unidentified witnesses Schwartz should have interviewed before trial (*see* Reply 4–5) but does not show any of these individuals would have (1) been available to testify, or (2) given testimony favorable to his defense (*see generally* Mem.).  Instead, Movant asserts in conclusory fashion that "there were key witnesses whom Schwartz unreasonably failed to interview[.]"   (Reply 5 (alteration added)).   This speculation does not establish ineffective assistance.  *See Johnson v. Alabama*, 256 F.3d 1156, 1187 (11th Cir. 2001) ("[Movant] offers only speculation that the missing witnesses would have been helpful. This kind of speculation is 'insufficient to carry the burden of a habeas corpus petitioner.'" (alteration added; citation omitted)).

**Failure to Negotiate a Favorable Plea Offer.**   Finally, Movant argues Schwartz failed to (1) negotiate a favorable plea and (2) inform him of the plea offer and the Government's intention to file a superseding indictment should Movant reject that offer.  (*See generally* Mem. 16–19). The Court is unconvinced.

First, Movant fails to show counsel was ineffective for failing to negotiate a better plea offer.  (*See id.* 16).  The record indicates Schwartz tried to convince the Government to "sweeten the deal" but was ultimately unsuccessful.  (Sent. Hr'g Tr. 35:8–13; *see also id.* 34:11–15). Movant "fails to establish that he was prejudiced by counsel's failure to negotiate a more favorable plea agreement with nothing more than the bald assertion that such an agreement might have been possible"; at bottom, "[p]lea agreements and their terms are a matter of prosecutorial discretion[.]" *Cummings v. United States*, No. 112-124-Civ, 2013 WL 2422889, at *8 (S.D. Ga. June 3, 2013) (alterations added; citations omitted).

Second, Movant fails to establish ineffective assistance in Schwartz's alleged failure to

inform him of the plea offer and the Government's intention to file a superseding indictment. (*See* Mem. 16–19). Admittedly, it is unclear whether Schwartz communicated this to Movant (*see* Sent. Hr'g 34:8–19, 35:8–19); but even assuming Schwartz did not, the ineffective assistance claim fails because Movant does not demonstrate prejudice (*see generally* Mem.).

To show prejudice in such circumstances, a habeas petitioner must show he would have accepted a plea offer. *See Coulter v. Herring*, 60 F.3d 1499, 1504 (11th Cir. 1995) (holding that a habeas petitioner failed to demonstrate prejudice because "he has offered no further proof [beyond willingness] to show that he would have accepted the state's plea offer . . . absent his lawyers' alleged errors" (alterations added)). "Merely alleging that [Movant] would have insisted [his] trial counsel 'seek' a plea bargain is insufficient to show [prejudice]." *Rosin*, 786 F.3d at 878 (alterations added). Nowhere in either his Motion, Memorandum of Law, or Reply does Movant state he would have accepted a plea offer had he been aware of this information; rather, his argument focuses on Schwartz's perceived errors during the plea negotiation process and how those errors harmed him in the abstract. (*See generally* Mot.; Mem.; Reply).

For the foregoing reasons, Ground One is denied.

### B.     Ineffective Assistance of Trial Counsel (Ground Two)

Movant contends Schwartz, acting as his trial counsel, provided ineffective assistance by his (1) deficient trial strategy;[5] and (2) failure to subpoena and call defense witnesses. (*See* Mem. 19). For the following reasons, Ground Two is denied.

---

[5] Movant titles this section as "Failure To . . . Inform [Movant] of His Strategy," but the section addresses Schwartz's alleged deficient trial strategy. (Mem. 19 (alterations added); *see id.* 19–22). In any event, Movant states he "was provided with clear strategy on how his counsel would attack his case[,]" which refutes any failure-to-inform-of-trial-strategy claim. (*Id.* (alteration added)). The statement also contradicts Movant's argument that "Schwartz had no definitive trial strategy or legal defense[.]" (*Id.* 21 (alteration added)).

**Deficient Trial Strategy.**  Movant argues Schwartz's trial strategy was ineffective because Schwartz failed to: (1) address Movant's inability to view surveillance footage of the crime with the Court; (2) argue during trial that Movant did not have working lights on his police vehicle; (3) object to the testimony of a Government witness as false; and (4) request an unspecified jury instruction.  (*See id.* 19–22).

First, Movant claims there was surveillance footage he could not view before trial.  (*See id.* 19–20).  But Movant fails to show he was prejudiced by his inability to view the footage — or that the footage would have been exculpatory.  *See Moss v. United States*, No. 15-cv-87, 2017 WL 2380183, at *3 (M.D. Ala. Apr. 13, 2017) (rejecting ineffective assistance-of-counsel claim where the movant did not show that unpresented video footage "was material or reasonably likely to affect the outcome of his trial"), *report and recommendation adopted*, 2017 WL 2385337 (M.D. Ala. June 1, 2017).  This case involved the presentation of numerous types of surveillance footage: handheld "surveillance video [recorded by] . . . FBI agents[,]" "aerial surveillance[,]" "hotel surveillance[,]" and audio surveillance (Jury Trial – Day 1 Tr. 124:9–21 (alterations added)); *see also* Jury Trial – Day 3 Tr. 41:11–17; Jury Trial – Day 6 Tr. 203:21-204:7).  Movant does not explain what type of footage is at issue.  (*See* Mem. 19–20).

Additionally, Movant contends Schwartz was ineffective for failing to furnish maintenance records showing Movant's police car did not have working lights.  (*See id.* 20).  It is unclear how Schwartz's failure to raise this issue prejudiced Movant's defense.  Movant was charged with and convicted of conspiring and attempting to possess with intent to distribute cocaine, in violation of 21 U.S.C. section 846; and using, carrying, and possessing a firearm during and in furtherance of a drug trafficking crime, in violation of 18 U.S.C. section 924(c)(1)(A)(i).  (*See generally* Sup. Indictment; Jury Verdict).  Driving with police lights is not an element of or a defense to any of

those crimes.[6]  *See generally* 21 U.S.C. §§ 841(a)(1)–(b)(1), 846; 18 U.S.C. § 924(c)(1)(A)(i).

Schwartz cannot be deemed ineffective for failing to raise a meritless issue.  *See Freeman v. Att'y

Gen.*, 536 F.3d 1225, 1233 (11th Cir. 2008).

　　Next, Movant insists Schwartz should have objected to some a witness's testimony that she

"off loaded [a] cooler containing 64 kilograms of cocaine from the boat to a vehicle" on the ground

that it was false.  (Mem. 20 (alteration added; quotation marks omitted)).[7]  The Court is unsure of

the relevance of this testimony to the instant Motion.  In any event, Movant makes only conclusory

and unsubstantiated assertions that this testimony is false and fails to show that Schwartz had a

basis to object.  (*See generally id.* 20–21); *see also Marshall v. United States*, No. 11-cv-90103,

2012 WL 629243, at *3 (M.D. Ga. Feb. 27, 2012) (finding movant could not show ineffective

assistance for counsel's failure to object to allegedly perjured testimony when he "failed to present

any evidence that the testimony given under oath at trial was indeed perjury"), *report and

recommendation adopted*, 2012 WL 5335275 (M.D. Ga. Oct. 26, 2012).

　　Finally, Movant states Schwartz was ineffective for failing to "tailor . . . and present" jury

instructions.  (Mem. 21 (alteration added)).  Movant does not identify which instructions Schwartz

should have requested or why they might have been essential to his defense; thus, Movant fails to

demonstrate Schwartz's performance prejudiced the outcome of his trial.  *See Strickland*, 466 U.S.

at 687.

---

[6] To the extent Movant attempts to argue Schwartz was ineffective for failing to raise a misidentification
defense because his vehicle's police lights did not work, Movant already admitted at trial to participating
in the protection jobs.  (*See* Day 9 of Trial Tr. 49:16–20, 52:9–11, 53:19–54:1, 56:13–20, 101:22–102:4).

[7] Neither party names the witness or describes where the quote can be found in the trial transcript.  (*See
generally* Mem.; Resp.).

***Failure to Call and Subpoena Witnesses.*** Movant also contends Schwartz performed deficiently by failing to (1) subpoena the chief of police or (2) depose Catina Anderson, the police officer cooperating with the FBI. (*See* Mem. 20–21). Neither argument establishes an entitlement to habeas relief.

As explained, the decision to call witnesses is committed to the discretion of defense counsel — a decision the Court will seldom second guess. *See Waters*, 46 F.3d at 1512. Concerning the chief of police, Movant says he wanted to meet with the chief prior to trial "to cooperate with any further investigation related to this case." (Mem. 20). He does not explain why this should or would have affected the jury's decision; nor does he describe what the chief could have testified to at trial. (*See generally id.*). Such speculative arguments fail to persuade. *See McMillan v. Inch*, No. 17-cv-876, 2020 WL 8084277, at *11 (N.D. Fla. Oct. 8, 2020) ("[E]vidence about the testimony of a [] witness must generally be presented in the form of actual testimony by the witness or an affidavit. A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim." (alterations added; quoting *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991)); quotation marks omitted), *report and recommendation adopted*, 2021 WL 54214 (N.D. Fla. Jan. 6, 2021).

Movant's argument concerning Schwartz's failure to depose Anderson is similarly unavailing. "Depositions generally are disfavored in criminal cases." *United States v. Drogoul*, 1 F.3d 1546, 1551 (11th Cir. 1993) (citation omitted). Federal Rule of Criminal Procedure 15(a) authorizes courts to allow depositions "because of exceptional circumstances and in the interest of justice." *Id.* "[T]hree factors guide the exceptional circumstances analysis: whether (1) the witness is *unavailable* to testify at trial; (2) . . . testimony *material* to the movant's case will be absent; and (3) *countervailing factors* render taking the deposition unjust to the moving party." *United States*

*v. Ramos*, 45 F.3d 1519, 1522–23 (11th Cir. 1995) (alterations added; citation omitted; emphasis in original).  Movant bears the burden of establishing exceptional circumstances.  *See Drogoul*, 1 F.3d at 1552.

Anderson testified at trial, and Schwartz subjected her to thorough cross-examination.  (*See generally* Jury Trial – Day 6 Tr. 7:6–101:19).  Movant does not identify any injustice Schwartz could have argued to meet the exceptional circumstances exception.  (*See generally* Mem.).  Again, Schwartz cannot be deemed ineffective for failing to raise a meritless issue.  *See Freeman*, 536 F.3d 1233.

For the foregoing reasons, Ground Two is denied.

### C.    Ineffective Assistance of Sentencing Counsel (Ground Three)

Movant raises two arguments in support of his ineffective-assistance-of-counsel claim against Vereen: that Vereen (1) never counseled him on his PSI; and (2) failed to raise substantive objections to the PSI.  (*See* Mem. 22–28).

***Failure to Review PSI with Movant.***  Movant insists Vereen failed to "correctly" review the PSI with him (*id.* 22), but the record refutes this argument (*see generally id.*).  At the sentencing hearing, the Court asked Movant whether he "had the opportunity [to] review[] the Presentence Investigation Report with [his] attorney, Mr. Vereen[;]"; Movant responded in the affirmative (Sent. Hr'g Tr. 4:18–21 (alterations added)).  Given this unqualified admission, Movant cannot now argue that Vereen's review did not occur or was deficient.  *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("[D]eclarations in open court carry a strong presumption of verity." (alteration added)); *see also Jones v. United States*, No. 15-cv-1025, 2021 WL 1428338, at *7 (M.D. Fla. Apr. 15, 2021) (denying ineffective-assistance-of-counsel claims that were "refuted by the record").

16

***Failure to File Substantive Objections to the PSI.***   While Movant acknowledges that Vereen challenged the PSI (*see* Mem. 22; Objs. PSI; Mot. Downward Departure Variance), he contends that counsel failed to raise three arguments: that (1) changes to statutory penalties under 21 U.S.C. section 841 lowered the statutory minimum for Movant's sentence; (2) Movant was overcharged with respect to the weight of the cocaine he was accused of trafficking; and (3) the section 924(c) offenses (Counts 3, 5, and 7 of the Superseding Indictment) should be dismissed because the predicate offenses are not controlled substance offenses (*see* Mem. 22–28).

Again, counsel's "strategic choices are virtually unchallengeable." *Provenzano v. Singletary*, 148 F.3d 1327, 1332 (11th Cir. 1998) (citing *Strickland*, 466 U.S. at 690; other citation and quotation marks omitted).  Given the strong presumption in favor of competence regarding such decisions, Movant's burden of proof is high, although not insurmountable. *See Fugate v. Head*, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted).  To meet this burden, Movant must show that no reasonable attorney would have made the strategic decisions his attorney did. *See Provenzano*, 148 F.3d at 1332.

None of the additional objections Movant claims Vereen should have raised is meritorious. First, Movant argues that the enactment of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, changed the sentencing range for his convictions on Counts 1, 2, 4, and 6, from "10 years to life" in prison to "5 to 40 years" in prison.  (Mem. 24).  But the five-year mandatory minimum sentence Movant references is found in 21 U.S.C. section 841(b)(1)(B) (*see id.*), and the penalties for Movant's convictions on these Counts are governed by 21 U.S.C. sections 841(b)(1)(A) and 841(b)(1)(C) (*see* Sup. Indictment 2–3).  Since section 841(b)(1)(B) does not apply to Movant's convictions, Vereen had no reason to raise this issue and, thus, cannot be deemed ineffective for failing to do so. *See Pinkney v. Sec'y, DOC*, 876 F.3d 1290, 1297 (11th

Cir. 2017) ("[A]n attorney will not be held to have performed deficiently for failing to perform a futile act, one that would not have gotten his client any relief." (alteration added; collecting cases)).

Second, Movant contends Vereen failed to object to the weight of the drugs. (*See* Mem. 25–26). Not so. At the sentencing hearing, Vereen argued that Movant could not be held accountable for moving approximately 40 kilograms of cocaine because he was not aware of the weight of the drugs during the protection jobs. (*See* Sent. Hr'g Tr. 12:21–14:4).

To the extent Movant argues Vereen should have objected to the Court's use of the drug weight referenced in the PSI because it was inconsistent with the jury's verdict, in violation of *Alleyne v. United States*, 570 U.S. 99 (2013) (*see* Mem. 25), that argument is unavailing. Movant was responsible for conspiring to distribute "at least 70 kilograms of cocaine" (Final PSI [CR ECF No. 219] ¶ 26), and the jury found that Movant conspired to possess with intent to distribute cocaine "[w]eighing 5 kilograms or more" (Jury Verdict 1, 3 (alteration added)). The jury's verdict is thus consistent with the PSI, and, in any event, "a district court's finding of a higher quantity when calculating the Guidelines range for a § 841 conviction" does not violate *Alleyne*. *United States v. Cassius*, 777 F.3d 1093, 1097 (10th Cir. 2015) (citations and footnote call number omitted).

Finally, Movant argues Vereen should have moved to dismiss his convictions on Counts 3, 5, and 7 considering the Eleventh Circuit's holding in *United States v. Dupree*, 57 F.4th 1269 (11th Cir. 2023). (*See* Mem. 26). Movant was sentenced on September 6, 2019, approximately three years before *Dupree* was decided. Further, *Dupree*'s holding has no bearing on Movant's convictions. In *Dupree*, the Eleventh Circuit held inchoate offenses do not qualify as controlled substance offenses for purposes of the career offender sentencing enhancement under

the United States Sentencing Guidelines.  *See* 57 F.4th at 1280.  Movant was not subject to a career offender sentencing enhancement.  (*See generally* Sent. Hr'g Tr.; J.).

For the foregoing reasons, Ground Three is denied.

**D.      Ineffective Assistance of Appellate Counsel (Ground Four)**

Finally, Movant argues Vereen, acting as his appellate counsel, provided constitutionally ineffective assistance by failing to raise certain arguments Movant wanted to make on appeal.  (*See* Mem. 29–30).  According to Movant, "[h]ad Vereen questioned witness credibility, reconsider[ed] evidence[], and properly argued the drug calculation on appeal, there is a reasonable probability that the outcome of his appeal would have been different." (*Id.* 30 (alterations added)).  Movant complains he was not informed of the issues Vereen intended to raise on appeal or provided "the chance to participate in his appeal and share his input in the case[.]" (*Id.* 29 (alteration added); *see also* Reply 17–18).

Due process of law requires that a defendant receive effective assistance of counsel on direct appeal.  *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985).  As at trial, counsel's strategic decisions on appeal are afforded great deference.  In *Garza v. Idaho*, the Supreme Court stated that "the choice of what specific arguments to make within [an] appeal belongs to appellate counsel." 139 S. Ct. 738, 746 (2019) (alteration added; citations omitted).  Thus, to prevail, Movant must establish the arguments Vereen allegedly should have raised were "plainly stronger" than the arguments he did make.  *Davila v. Davis*, 582 U.S. 521, 533 (2017) (citation omitted).  But Movant fails to explain why the arguments he references were stronger than the ones Vereen raised in the direct appeal, let alone provide any elaboration on the strength of those claims.  (*See generally* Mem. 29–30; Reply 18–19).

Further, Movant's assertions that Vereen did not communicate the issues he intended to

raise on appeal, nor allow Movant to participate in his appeal, are insufficient to demonstrate prejudice. *See Shere v. Sec'y, Fla. Dep't of Corr.*, 537 F.3d 1304, 1310 (11th Cir. 2008) (holding movant must show "but for counsel's deficient performance, he would have prevailed on appeal" (citation omitted)). Movant provides no convincing evidence that his preferred strategy would have changed the outcome of his appeal. (*See generally* Mem.).

For the foregoing reasons Ground Four is denied.

### E.    Evidentiary Hearing

In a habeas corpus proceeding, it is the movant's burden "to establish the need for an evidentiary hearing." *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1060 (11th Cir. 2011) (citations and quotation marks omitted). "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (alteration added; citation omitted). Here, the issues presented can be resolved based on the record. Because Movant's claims can be addressed "without further factual development[,]" he is not entitled to an evidentiary hearing. *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003) (alteration added).

### F.    Certificate of Appealability

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (alteration added). The Supreme Court has described the limited circumstances when a certificate of appealability should properly issue after the district court denies a habeas petition:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy [section] 2253(c) is straightforward: The [Movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (alterations added). Movant does not satisfy this burden, so the Court will not issue a certificate of appealability.

## IV.    CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1.    The Motion Under 28 U.S.C. [section] 2255 to Vacate, Set Aside, or Correct Sentence **[ECF No. 1]** is **DENIED.**

2.    Movant's request for an evidentiary hearing is **DENIED**.

3.    A *certificate of appealability* is **DENIED**. Because there are no issues with arguable merit, an appeal would not be taken in good faith, and thus, Movant is not entitled to appeal *in forma pauperis*.

4.    The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 8th day of March, 2024.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:    Movant, *pro se*
       counsel of record